UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHUSHPREET SINGH<br>(A-Number: 246-633-082),<br><br>          Petitioner,<br><br>    v.<br><br>TONYA ANDREWS, WARDEN OF THE<br>GOLDEN STATE ANNEX DETENTION<br>CENTER, et al.,<br><br>          Respondents. | No.  1:26-cv-03227-KES-HBK (HC)<br><br>ORDER GRANTING PETITION FOR WRIT<br>OF HABEAS CORPUS AND REQUIRING<br>BOND HEARING WITHIN TEN (10) DAYS<br><br>Doc. 1 |

Petitioner Khushpreet Singh is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by the petition.  *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).  The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the

1

petition.  Doc. 4.

Respondents argue that this case is distinguishable because petitioner was arrested for possessing a controlled substance and for possessing unlawful paraphernalia, and they argue that this arrest violated the conditions in petitioner's Order of Release on Recognizance.  Doc. 6 at 1. However, the Order of Release on Recognizance states: "You must not violate any local, State, or Federal laws or ordinances[, and] you [must not] commit crimes while on this order of release on recognizance."  Doc. 6-1.  But while the circumstances of petitioner's arrest may be relevant at his bond hearing, the mere fact of the arrest does not eliminate his due process right to such a hearing.  Without more, "[a]n arrest in no way proves that Petitioner violated any law or committed any crime; it only signals that he may be charged with doing so."  *Pena Becerra v. Sparks*, No. 2:26-CV-00212-JNP-DBP, 2026 WL 915439, at *4 (D. Utah Apr. 3, 2026); *see also Duncan v. California*, No. S-04-523 LKK/PAN, 2006 WL 1883385, at *2 (E.D. Cal. July 7, 2006) ("The contention that an arrest, without more, constitutes evidence of criminal activity is without merit.").

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED, for the reasons addressed in those prior orders.

Respondents are ORDERED to provide petitioner Khushpreet Singh (A-Number: 246-633-082) with a bond hearing before a neutral decisionmaker within seven (7) days of the date of this Order.  Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing.  At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by

clear and convincing evidence.  If respondents do not provide petitioner with a bond hearing within seven days, then respondents must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated:    June 29, 2026    

_____
UNITED STATES DISTRICT JUDGE